UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. DALE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-2410 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and the testimony of a Vocational Expert were erroneous. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 3 & 9.)

1

# PROCEDURAL BACKGROUND

In October of 2013, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on December 15, 2010. (Transcript ("Tr.") at 39, 199-205.) Plaintiff's alleged impairments included cervical arthritis, bipolar disorder. (Id. at 98.) Plaintiff's application was denied initially, (id. at 121-24), and upon reconsideration. (Id. at 131-34.)

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 1, 2016. (Id. at 54-96.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 54-56.) In a decision issued on April 5, 2016, the ALJ found that plaintiff was not disabled. (Id. at 49.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since December 15, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: cervical osteoarthritis, ischemic heart disease, and anxiety disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant could lift and/or carry ten pounds frequently, twenty pounds occasionally; he could sit for six hours out of an eight-hour workday; he could stand and/or walk for six hours out of an eight-hour workday; he is not to do any overhead reaching; he is to avoid all exposure to hazards such as unprotected heights and operating dangerous machinery; he is limited to a workplace with occasional changes; and he is to have only occasional interactions with the public and coworkers.
>
> 6. The claimant is capable of performing past relevant work as a shipping clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

> 7. In the alternative, considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant also can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2010, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 41-49.)

On October 12, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's April 5, 2016 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 15, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the Vocational Expert's testimony conflicted with the Dictionary of Occupational Titles.[2] (Pl.'s MSJ (ECF No. 12) at 9-17.[3])

**I.      Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating

---

[2] Although plaintiff's motion purports to assert three separate claims, the court has combined two of those claims into a single claim challenging the ALJ's treatment of the medical opinion evidence for purposes of clarity and efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

### A. Dr. David Mach

Plaintiff challenges the ALJ's treatment of the opinion offered by Dr. David Mach, a treating physician. (Pl.'s MSJ (ECF No. 12) at 14-17.) On June March 18, 2015, Dr. Mach completed a Treating Physician Questionnaire and a Mental Residual Functional Capacity Questionnaire. (Tr. at 853-60.) Although the ALJ's decision did not summarize Dr. Mach's opinion, Dr. March opined that plaintiff was limited in various respects. For example, Dr. Mach opined that plaintiff was incapable of even low stress jobs. (Id. at 854.) Could only stand/walk for less than two hours in an 8-hour workday. (Id. at 855.) And that plaintiff's ability to deal with normal work stress was seriously limited. (Id. at 858.)

The ALJ afforded Dr. Mach's opinion "little weight" stating that the opinion was

> . . . not supported by objective evidence and it is inconsistent with the record as a whole. Dr. Mach primarily summarized in the treatment notes the claimant's subjective complaints, diagnoses, and treatment, but he did not provide objective clinical or diagnostic findings to support the functional assessment.

(Id. at 46.) The ALJ went on to assert that the "opinion is inconsistent with the objective findings

5

already discussed above in this decision, which show mostly negative physical findings, and normal mental health evaluations." (Id.)

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Moreover, it cannot be said that plaintiff's mental health evaluations were normal. An August 31, 2012 exam revealed "symptoms . . . consistent with bipolar disorder, and a significant paranoia[.]" (Id. at 1276.) On November 14, 2013, plaintiff's mood was euphoric with slightly rapid speech. (Id. at 1277.) On January 7, 2013, plaintiff presented with an increased rate of speech, "anxious, pleading at times." (Id. at 1250.)

On November 26, 2013, it was noted that plaintiff "Appears intensely angry at times[.]" (Id. at 1268.) On December 1, 2014, plaintiff was "Tearful at times." (Id. at 1246.) On November 25, 2015, plaintiff was noted to have "Pressured Speech," and be in a state of "Emotional upheaval, Mood and affect disjoint." (Id. at 1378.)

The ALJ also supported assigning little weight to Dr. Mach's opinion by noting that "Dr. Mach is not both a physical medicine and mental health expert." (Id. at 46.) It is true that the opinion of a medical specialist regarding the specialist's area of expertise is "given more weight than the opinions of a nonspecialist." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). However, that Dr. Mach is not a specialist is not a legitimate reason to discredit his opinion. It is not uncommon for doctors to treat both physical and mental health symptoms or to opine as to their patient's limitations in both respects.

////

The final reason given by the ALJ for affording Dr. Mach's opinion little weight was the ALJ's finding that the opinion was "inconsistent with the claimant's admitted activities of daily living[.]" (Tr. at 47.)

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

For the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting Dr. Mach's opinion. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of Dr. Mach's opinion constituted error.

**B.     Dr. Jacob Tendler**

Plaintiff also challenges the ALJ's treatment of the opinion offered by Dr. Jacob Tendler, a non-examining physician. (Pl.'s MSJ (ECF No. 12) at 9-12.) On December 5, 2013, Dr. Tendler opined that plaintiff had various limitations related to mental impairments. (Tr. at 104-06.) As conceded by defendant, "the ALJ did not appear to have incorporated the doctor's opinion regarding sustained concentration and persistence limitations" into the ALJ's residual functional capacity determination, which "appears to be error." (Def.'s MSJ (ECF No. 19) at 6.) Nonetheless, defendant argues that this error was harmless. (Id.) Having already found that the ALJ committed harmful error with respect to Dr. Mach's opinion, the court need not reach that issue.

Accordingly, the court finds that plaintiff is also entitled to summary judgment on the claim that the ALJ's treatment of Dr. Tender's opinion was erroneous.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[4] Trevizo v.

---

[4] Given the errors already identified the court finds it unnecessary to reach plaintiff's remaining

7

Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that the court should "remand for further proceedings." (Pl.'s MSJ (ECF No. 12) at 17.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

3. The Commissioner's decision is reversed;

////

////

---

claim. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

8

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: March 3, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\dale2410.ord